# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KYLE SEABAUGH and THOMAS LANG,<br><br>Plaintiffs,<br><br>v.<br><br>CORRECTIONS OFFICER BAKER, LOGAN LUTES, RHONDA BLACK, MIKE BOYD, RICHARD ADAMS, UNKNOWN CORRECTIONS OFFICER, and UNKNOWN BUBBLE OFFICER,<br><br>Defendants. | Cause No. 4:24-cv-1569<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiffs Kyle Seabaugh and Thomas Lang, by and through their undersigned counsel, and bring this Complaint for damages against Defendants Corrections Officer Baker, Logan Lutes, Rhonda Black, Mike Boyd, Richard Adams, Unknown Corrections Officer, and Unknown Bubble Officer, and state as follows:

## INTRODUCTION

1. Plaintiffs were inmates at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Missouri on November 3, 2022, when they were physically attacked in their cell by Defendant Corrections Officer Baker. Defendant Baker was visibly impaired and demonstrating signs that he was under the influence of an unknown substance. Despite his appearance and behavior, despite the previous complaints lodged against him for abusing his authority as a corrections officer, and despite the concerns of one of his fellow corrections officers, Defendant Baker was permitted to work his shift at the understaffed prison, putting inmates at risk of harm.

1

2. When one of the Plaintiffs needed to receive his regular and essential medication, Plaintiffs had to awaken Defendant Baker, who had lost consciousness due to the unknown substance, to get him to unlock the cell. Upon their return from the medical unit, Defendant Baker entered the cell and violently assaulted Plaintiffs by forcefully pushing Plaintiffs into the walls of their cell. When they regained their balance, Defendant Baker violently pushed them again, causing Plaintiffs significant injuries.

3. Defendant Baker was relieved of his duties later that day and was eventually investigated by federal law enforcement after he was involved in a separate altercation with another inmate. Because of the failures of multiple staff members, Defendant Baker was allowed to abuse his authority and injure Plaintiffs.

## PARTIES

4. Plaintiff Kyle Seabaugh, at all times relevant to this lawsuit, was an inmate residing at ERDCC in the State of Missouri.

5. Plaintiff Thomas Lang, at all times relevant to this lawsuit, was an inmate residing at ERDCC in the State of Missouri.

6. Defendant Corrections Officer Baker, at all times relevant to this lawsuit, was employed as a corrections officer at ERDCC in the State of Missouri.

7. Defendant Logan Lutes, at all times relevant to this lawsuit, was employed as a corrections officer at ERDCC in the State of Missouri.

8. Defendant Rhonda Black, at all times relevant to this lawsuit, was employed as a caseworker at ERDCC in the State of Missouri

9. Defendant Mike Boyd, at all times relevant to this lawsuit, was employed as a functional unit manager at ERDCC in the State of Missouri

10. Defendant Richard Adams, at all times relevant to this lawsuit, was employed as the warden at ERDCC in the State of Missouri.

11. Defendant Unknown Corrections Officer, at all times relevant to this lawsuit, was employed as a corrections officer at ERDCC in the State of Missouri.

12. Defendant Unknown Bubble Officer, at all times relevant to this lawsuit, was employed as a corrections officer at ERDCC in the State of Missouri.

## JURISDICTION AND VENUE

13. This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

14. The causes of action for this lawsuit arose in St. Francois County in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

15. The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United States Constitution pursuant to 28 U.S.C. § 1331.

16. The Federal District Court of the Eastern District of Missouri has supplemental jurisdiction over the claim arising under Missouri law pursuant to 28 U.S.C. § 1367.

17. Venue is appropriate in the Federal District Court of the Eastern District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

18. On November 3, 2022, Plaintiffs were detained at ERDCC. Defendant Baker was present at ERDCC and was working as a corrections officer employed by the Missouri Department of Corrections.

19. Plaintiffs were housed in the same cell.

20. Defendant Baker was working in Plaintiffs' housing unit on November 3, 2022. He was not regularly assigned to Plaintiffs' housing unit.

21. On information and belief, Defendant Baker was assigned to work in Plaintiffs' housing unit on November 3, 2022, due to a staff shortage at ERDCC.

22. Prior to November 3, 2022, other individuals had complained about Defendant Baker's misconduct while he worked at ERDCC.

23. On information and belief, Defendants Lutes, Black, Boyd, Adams, Unknown Corrections Officer, and Unknown Bubble Officer were aware of Defendant Baker's misconduct prior to November 3, 2022.

24. On November 3, 2022, Defendant Unknown Corrections Officer was assigned to supervise Defendant Baker,

25. On November 3, 2022, Defendant Unknown Bubble Officer was assigned to the master control room at ERDCC while Defendant Baker was working and was in contact with Defendant Baker during the day.

26. On information and belief, during the morning of November 3, 2022, other staff members at ERDCC, including Unknown Corrections Officer and Unknown Bubble Officer, recognized that Defendant Baker was impaired at work and should have been relieved of his duties, but they did not stop Defendant Baker from working that day.

27. On information and belief, during the morning of November 3, 2022, Unknown Bubble Officer informed the other Defendants that Defendant Baker was impaired at work and should be relieved of his duties, but none of these other Defendants stopped Defendant Baker from working that day.

28. Plaintiff Seabaugh suffers from a significant heart condition, and, while at ERDCC,

he received essential medication twice daily, at which times the cell door would open and Plaintiff Seabaugh was escorted to the facility's medical unit.

29. On November 3, 2022, Plaintiffs' cell door did not open at the expected time for Plaintiff Seabaugh to receive his needed medication.

30. Around 11:30 AM on November 3, 2022, Plaintiff Lang, realizing Plaintiff Seabaugh's medical need, attempted to get Defendant Baker's attention so that Defendant Baker could escort Plaintiff Seabaugh to the medical unit. At this time, Plaintiff Lang observed that Defendant Baker lost consciousness. Plaintiffs were only able to get Defendant Baker's attention by banging on their cell door.

31. Defendant Baker appeared to regain consciousness from the noise caused by Plaintiffs. He proceeded down the walkway to Plaintiffs' cell, unsteady on his feet, stumbling, and supporting himself against the wall.

32. Once Defendant Baker finally made it to the cell door, Plaintiff Seabaugh attempted to explain his need to go to medical. However, Defendant Baker was visibly impaired. Defendant Baker's eyes were glassy and bloodshot, his face was drooping, he was nodding off, he slurred his words, and he appeared to have a dry mouth. While Plaintiff Seabaugh was speaking to him, Defendant Baker lost consciousness again on the cell door window.

33. Plaintiff Seabaugh, after several attempts, was able to awaken Defendant Baker. Defendant Baker opened the cell door, and Plaintiff Seabaugh proceeded to the medical unit. Once Plaintiff Seabaugh returned from the medical unit, Defendant Baker escorted him down the walkway back to his cell. Defendant Baker struggled to open the cell.

34. While still outside the cell, Plaintiff Seabaugh told Defendant Baker that it was inappropriate for him to show up to work under the influence.

35.     Defendant Baker let Plaintiff Seabaugh back in the cell. Plaintiffs stood shoulder to shoulder and commented on Defendant Baker's state. Defendant Baker then entered the cell.

36.     Missouri Department of Corrections policies prohibited Defendant Baker from entering the cell.

37.     Defendant Baker began threatening and berating Plaintiffs. Defendant Baker then forcefully and violently shoved Plaintiffs in the chest, knocking them both into the cell wall.

38.     Defendant Baker told Plaintiffs that he would remove his belt and badge and "fuck them up."

39.     Defendant Baker stated, "The shit I got will put you in the dirt."

40.     Plaintiffs eventually regained their footing and stood near each other in their cell.

41.     Defendant Baker then violently pushed Plaintiffs a second time, knocking Plaintiff Lang into the wall again, before exiting and locking the cell.

42.     At no time did Plaintiffs resist Defendant Baker.

43.     At no time did Plaintiffs pose a risk to Defendant Baker's safety.

44.     Plaintiffs' actions did not justify Defendant Baker's use of force against them.

45.     Plaintiff Lang suffered injuries to his right shoulder, right elbow, and ribs. Despite his attempts to get medical care for these injuries, Plaintiff Lang did not receive immediate diagnosis of or treatment for his injuries. He experienced pain while breathing, sneezing, and coughing. He struggled with his right-hand grip, as he experienced shooting pain and numbness up his right arm. Around November 23, 2022, he saw a nurse practitioner who told him he may have dislocated his shoulder and fractured his elbow during the incident, and that he may have had a rib out of place. Since he was attacked by Defendant Baker, Plaintiff Lang has suffered ongoing anxiety.

46. Plaintiff Seabaugh suffered an injury to his right shoulder during the attack by Defendant Baker. Plaintiff Seabaugh experienced sharp shooting pain through his right shoulder and a restricted range of motion compared to his left shoulder. Plaintiff Seabaugh's pain persisted for months. Plaintiff also suffered from ongoing anxiety due to the attack by Defendant Baker, which led to issues sleeping. Plaintiff Seabaugh worked in the facility as a dorm worker, and he had difficulty fulfilling the requirements of this job because of his shoulder pain.

47. After Defendant Baker attacked them, both Plaintiffs informed Officer Logan Lutes of the incident and requested to report the attack to their caseworker, Rhonda Black.

48. Plaintiffs did not have an opportunity to speak with Rhonda Black until later that day. When Plaintiffs encountered Ms. Black and tried to report Defendant Baker's attack to her, she waved them off.

49. On information and belief, Defendant Baker was involved in a second altercation on November 3, 2022, with another inmate.

50. On information and belief, Defendant Baker was involved in a third altercation on November 3, 2022, with a staff member at ERDCC.

51. On information and belief, Defendant Baker was eventually removed from the facility by other staff members on November 3, 2022.

52. Plaintiffs were eventually called in to speak with Defendant Boyd, the Functional Unit Manager. Plaintiffs provided a written report of the incident involving Defendant Baker. Plaintiffs were not offered medical assistance and were not evaluated for injuries.

53. Defendants did not seek to get Plaintiffs medical treatment after Defendant Baker attacked them.

54. Plaintiff Seabaugh was not seen by a medical professional until more than 24 hours

after the attack, and he was not seen by a doctor until 19 days after the attack, despite his complaints.

55. Plaintiff Lang was not seen by a medical professional until more than 24 hours after the attack, and he was not seen by a doctor until 20 days after the attack, despite his complaints.

56. After the incident, several staff members informed Plaintiffs that Defendant Baker should have never been in the facility that day.

57. Plaintiffs proceeded through the grievance system and exhausted their available administrative remedies.

58. On information and belief, ERDCC was understaffed on November 3, 2022.

59. On information and belief, Defendant Baker was inappropriately supervised on November 3, 2022.

60. On information and belief, Defendants Lutes, Black, Boyd, Adams, and Unknown Corrections Officer failed to train ERDCC staff members to make proper supervisory decisions, including removing individuals like Defendant Baker from workplace responsibilities when they showed up to work impaired or abused their authority.

61. Despite Defendant Baker being obviously and visibly under the influence of some type of substance, Defendants, staff members at ERDCC, did not relieve Defendant Baker of his duties on November 3, 2022, until he had abused his authority multiple times.

62. Despite Defendant Baker having abused his authority as a corrections officer on multiple occasions prior to November 3, 2022, Defendants – the Missouri Department of Corrections staff members at ERDCC – continued to employ Defendant Baker through November 3, 2022.

63. On information and belief, Defendant Baker was the subject of a subsequent

investigation by federal law enforcement officers for his behavior as a corrections officer.

## COUNT I: USE OF EXCESSIVE FORCE IN VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

64. Plaintiffs incorporate by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

65. Count I applies to Defendant Baker.

66. Defendant Baker entered into Plaintiffs' cell and forcefully pushed them into the cell wall, causing significant injuries.

67. After Plaintiffs recovered their positions standing in their cell, Defendant Baker again forcefully struck Plaintiffs.

68. At no time did Plaintiffs resist Defendant nor justify his use of force.

69. Defendant acted under color of state law.

70. Defendant violated Plaintiffs' right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

71. Defendant acted with malicious, intentional, reckless and callous disregard, or deliberate indifference for Plaintiffs' civil rights.

72. Defendant's actions caused Plaintiffs physical harm, including injuries that required medical treatment for months after the incident.

73. Defendant's actions caused Plaintiffs severe emotional distress, including injuries that required medical treatment for months after the incident.

WHEREFORE, Plaintiffs pray judgment against Defendant Baker in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II: FAILURE TO PROTECT PLAINTIFFS FROM A SUBSTANTIAL RISK OF SERIOUS HARM UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

74. Plaintiffs incorporate by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

75. Count II applies to all Defendants.

76. Defendant Unknown Corrections Officer was assigned to supervise Defendant Baker on November 3, 2022.

77. Defendant Unknown Bubble Officer was assigned to work in the master control room at ERDCC and communicated with Defendant Baker on November 3, 2022.

78. Defendants Lutes, Black, Boyd, and Adams also held supervisory responsibilities with respect to ERDCC on November 3, 2022, and had direct supervisory responsibility with respect to Defendant Baker on that day.

79. Defendant Adams held a responsibility to choose the individuals hired and retained to be corrections officers at ERDCC on and before November 3, 2022.

80. On information and belief, Defendants Lutes, Black, Boyd, Adams, Unknown Corrections Officer, and Unknown Bubble Officer were aware that Defendant Baker had posed a risk to the safety of other inmates at ERDCC prior to November 3, 2022, but did not take steps to remove him from his position as a corrections officer.

81. Defendants Lutes, Black, Boyd, Adams, Unknown Corrections Officer, and Unknown Bubble Officer were aware that Defendant Baker appeared to be under the influence of some type of substance while he was at work on November 3, 2022, but did not take steps to remove him from the prison until after he was involved in multiple abusive incidents on that day.

82. Defendants Lutes, Black, Boyd, Adams, Unknown Corrections Officer, and

Unknown Bubble Officer were aware that Defendant Baker's behavior posed a substantial risk of serious harm to Plaintiffs and other inmates on November 3, 2022, including the risk that Defendant Baker would injure inmates at ERDCC.

83. Defendant Baker knew that he should not come to work at ERDCC in his state on November 3, 2022, and that doing so posed a substantial risk of serious harm to inmates, including Plaintiffs.

84. Defendants knew that ERDCC was understaffed on November 3, 2022.

85. Defendants knew that understaffing at ERDCC posed a substantial risk of serious harm to inmates, including the risk that corrections officers could abuse their authority and cause injuries to inmates, and the risk that inmates would not receive the medical care they needed.

86. Defendants failed to protect Plaintiffs from Defendant Baker.

87. Defendants acted under color of state law.

88. Defendants failed to use their authority to properly supervise staff, including Defendant Baker.

89. Defendants' failure to protect Plaintiffs caused the violation of Plaintiffs' civil rights.

90. Defendants acted with malicious, intentional, reckless and callous disregard, or deliberate indifference for Plaintiffs' civil rights.

91. Defendants caused Plaintiffs physical harm, including injuries that required medical treatment for months after the incident.

92. Defendants caused Plaintiffs severe emotional distress, including injuries that required medical treatment for months after the incident.

WHEREFORE, Plaintiffs pray judgment against Defendants in an amount that is fair and

reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT III: FAILURE TO PROVIDE HEALTH CARE UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

93. Plaintiffs incorporate by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

94. Count III applies to all Defendants.

95. After Defendant Baker injured Plaintiffs on November 3, 2022, Plaintiffs needed immediate medical attention.

96. Defendant Baker was present at the attack because he was the assailant, and he knew he had caused injuries to Plaintiffs.

97. Plaintiffs notified Defendants Lutes, Black, and Boyd that Defendant Baker had injured them.

98. On information and belief, Defendants Adams, Unknown Corrections Officer, and Unknown Bubble Officer were aware that Defendant Baker had forcefully pushed Plaintiffs into their cell walls on November 3, 2022.

99. Despite their knowledge of Plaintiffs' injuries, Defendants did not seek to get Plaintiffs to the medical unit for treatment.

100. Plaintiffs did not see nurses until more than 24 hours after the attack, and they did not see doctors until almost three weeks had passed.

101. Defendants' failure to provide access to health care treatment prolonged the pain suffered by Plaintiffs.

102. Defendants acted under color of state law.

103. Defendants failed to use their authority to ensure Plaintiffs received appropriate medical treatment.

104. Defendants' failure to provide access to health care services to Plaintiffs caused the violation of Plaintiffs' civil rights.

105. Defendants acted with malicious, intentional, reckless and callous disregard, or deliberate indifference for Plaintiffs' civil rights.

106. Defendants caused Plaintiffs physical harm, including injuries that required medical treatment for months after the incident.

107. Defendants caused Plaintiffs severe emotional distress, including injuries that required medical treatment for months after the incident.

WHEREFORE, Plaintiffs pray judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

**COUNT IV: FAILURE TO SUPERVISE OR PROPERLY TRAIN STAFF TO ENSURE THE SAFETY OF PLAINTIFFS AND OTHER INMATES UNDER 42 U.S.C. § 1983**

108. Plaintiffs incorporate by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

109. Count IV applies to Defendants Lutes, Black, Boyd, Adams, Unknown Corrections Officer, and Unknown Bubble Officer.

110. Defendants Lutes, Black, Boyd, Adams, and Unknown Corrections Officer held training responsibilities with respect to ERDCC and the individuals hired to be corrections officers.

111. Defendants Lutes, Black, Boyd, Adams, and Unknown Corrections Officer failed to properly train staff to ensure that inmates would not be physically abused by corrections officers.

112. Defendants Lutes, Black, Boyd, Adams, and Unknown Corrections Officer failed to properly inform staff how to identify and report abusive conduct by other staff members.

113. Defendants were aware of previous abuses of authority by Defendant Baker but did not remove him from his responsibilities before he attacked Plaintiffs on November 3, 2022.

114. Defendants were aware that Defendant Baker was under the influence of an unknown substance on November 3, 2022, but failed to remove him from the prison prior to him attacking Plaintiffs on November 3, 2022.

115. Defendants were aware that Defendant Baker's behavior on November 3, 2022, posed a substantial risk of serious harm to inmates, including Plaintiffs, at ERDCC.

116. Defendants held supervisory responsibilities over Defendant Baker on November 3, 2022.

117. Defendants acted under color of state law.

118. Defendants failed to use their authority to properly train or supervise staff.

119. Defendants' failure to train or supervise staff members caused the violation of Plaintiffs' civil rights.

120. Defendants acted with malicious, intentional, reckless and callous disregard, or deliberate indifference for Plaintiffs' civil rights.

121. Defendants caused Plaintiffs physical harm, including injuries that required medical treatment for months after the incident.

122. Defendants caused Plaintiffs severe emotional distress, including injuries that required medical treatment for months after the incident.

WHEREFORE, Plaintiffs pray judgment against Defendants Lutes, Black, Boyd, Adams, Unknown Corrections Officer, and Unknown Bubble Officer in an amount that is fair and

reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

### COUNT V: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY INMATESS ARE NOT PROTECTED FROM HARM UNDER 42 U.S.C. § 1983

123. Plaintiffs incorporate by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

124. Count V applies to all Defendants.

125. Defendants Lutes, Black, Boyd, Adams, Unknown Corrections Officer, and Unknown Bubble Officer held supervisory, training, policymaking, and other management responsibilities with respect to ERDCC and the individuals hired to be corrections officers.

126. Defendants failed to act when Defendant Baker posed a risk of harm to inmates at ERDCC prior to and on November 3, 2022.

127. On information and belief, Defendants kept Defendant Baker on duty on November 3, 2022, due to a staffing shortage, despite the risk that Defendant Baker posed to inmates, including Plaintiffs.

128. Prior to Defendant Baker attacking Plaintiffs, other ERDCC staff had abused their positions and attacked other inmates without justification, including publicized attacks by corrections officers against inmates in February 2021 and in October 2021.

129. Defendants created an unsafe prison environment whereby an abusive corrections officer could be present with inmates alone for a significant amount of time before another officer could physically intervene to stop the abuse.

130. Defendants created an environment whereby corrections officers could abuse inmates without ramification.

131. Defendants established a pattern or practice whereby detainees would be subjected to abuse by corrections officers.

132. Defendants acted under color of state law.

133. Defendants' establishment of a pattern or practice whereby inmates would be subjected to abuse caused the violation of Plaintiffs' civil rights.

134. Defendants acted with malicious, intentional, reckless and callous disregard, or deliberate indifference for Plaintiffs' civil rights.

135. Defendants caused Plaintiffs physical harm, including injuries that required medical treatment for months after the incident.

136. Defendants caused Plaintiffs severe emotional distress, including injuries that required medical treatment for months after the incident.

WHEREFORE, Plaintiffs pray judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VI: BATTERY UNDER MISSOURI STATE LAW

137. Plaintiffs incorporate by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

138. Count VI applies to Defendant Baker.

139. On November 3, 2022, Defendant entered Plaintiffs' cell.

140. Defendant, acting in his capacity as a corrections officer at ERDCC, violently pushed Plaintiffs into the walls of their cell.

141. When Plaintiffs recovered their standing positions, Defendant pushed Plaintiffs

16

again.

142. Defendant had no valid governmental purpose to push Plaintiffs.

143. Plaintiffs did not pose any threat to Defendant.

144. Defendant's pushing of Plaintiffs is a contact that would be offensive to a reasonable person.

145. Defendant's conduct was outrageous because of his evil motive or reckless indifference to the rights of others.

146. Defendant caused Plaintiffs physical harm, including injuries that required medical treatment for months after the incident.

147. Defendant also caused Plaintiffs severe emotional distress, including injuries that required medical treatment for months after the incident.

WHEREFORE, Plaintiffs pray judgment against Defendant Baker in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendant from acting similarly in the future, attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

By:  /s/ *Elad Gross*
Elad Gross
Bar Number #67125MO
Attorney at Law
5653 Southwest Ave.
St. Louis, MO 63139
Phone: 314-753-9033
Fax: 855-242-9720
Email: Elad@EladGross.org

/s/ *Anat Gross*
Anat Gross
Bar Number #74053MO
Attorney at Law
5653 Southwest Ave.
St. Louis, MO 63139
Phone: 314-724-2712
Fax: 855-242-9720
Email: Anat@AnatGross.com

**MANDEL, MANDEL, MARSH, SUDEKUM, & SANGER**

BY: /S/ PATRICK A. HAMACHER
PATRICK A. HAMACHER, #60210
1010 MARKET STREET, SUITE 850
SAINT LOUIS, MO 63101
(314) 621-1701 (TELEPHONE)
(314) 621-4800 (FACSIMILE)
PATRICK@MANDELMANDEL.COM

*Attorneys for Plaintiffs*

18

## CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of November 2024, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.

                                   */s/Elad Gross*
                                   Elad Gross
                                   Attorney at Law